FILED

2009 MAY 26 PM 1: 36

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES C. MacFARLAND,
    Plaintiff,

Case No.: 6:09-CV-879-ORL-35KRS

vs.

NCO FINANCIAL SYSTEMS, INC.
    a Pennsylvania corporation,

and

NCO PORTFOLIO MANAGEMENT, INC.
    a Delaware corporation,

    Defendant(s)    /
_____/

## COMPLAINT
(Jury Trial Demand)

### INTRODUCTION

1. This is an action for damages brought by an individual consumer, JAMES C. MacFARLAND, (hereinafter referred to as "JAMES MacFARLAND" or "Plaintiff"), for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Defendant NCO FINANCIAL SYSTEMS, INC. and NCO PORTFOLIO MANAGEMENT, INC's violation of the FDCPA arise from letters demanding payment of a consumer account that was discharged in bankruptcy over eleven (11) months prior to Defendants' sending JAMES MacFARLAND dunning letters dated September 5, 2008 and October 21, 2008. JAMES MacFARLAND seeks an award of statutory damages along with

1

reasonable attorney's fees and costs.

2. The Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, states: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

## I. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) and 15 U.S.C. § 1692k because the conduct complained of occurred in Brevard County, Florida, Plaintiff resides in this District, and the Defendants transact business here.

## II. PARTIES

5. Plaintiff, JAMES C. MacFARLAND (hereinafter, referred to as "JAMES MacFARLAND" or "Plaintiff") is a natural person residing in Orlando, in Orange County, Florida.

6. Defendant, NCO FINANCIAL SYSTEMS, INC. is a Pennsylvania for profit corporation (hereinafter referred to as "NCO FINANCIAL") whose principal place of business is 507 Prudential Road in Horsham, PA (19044).

7. Defendant, NCO PORTFOLIO MANAGEMENT, INC. is a Delaware for profit corporation (hereinafter referred to as "NCO PORTFOLIO") whose principal place of business is 507 Prudential Road in Horsham, PA (19044).

8. Defendants NCO FINANCIAL and NCO PORTFOLIO are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6), because they regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Middle District of Florida.

9. NCO PORTFOLIO and NCO FINANCIAL are related and affiliated companies. (Defendants NCO FINANCIAL and NCO PORTFOLIO are hereinafter collectively referred to as the "Defendants"). NCO Group, Inc. is the ultimate parent entity of both of the Defendants.

10. All acts of Defendant NCO FINANCIAL described below were with the authority and knowledge of NCO PORTFOLIO and were within the scope of NCO FINANCIAL's agency from NCO PORTFOLIO and for NCO PORTFOLIO's benefit.

11. The actions of NCO PORTFOLIO are imputed to NCO FINANCIAL and the actions of NCO FINANCIAL are imputed to NCO PORTFOLIO.

12. At all times material hereto, JAMES MacFARLAND, was a "consumer" as this term is defined under 15 U.S.C. § 1692a(3).

13. At all times material hereto, Parrish Emergency Physicians was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4).

14. At all times material hereto, the account with Parrish Emergency Physicians was a "debt" as this term is defined under 15 U.S.C. § 1692a(5). (This account is hereinafter referred to as the "Account".) The Account arose *prior to* June 20, 2007.

### III. **FACTUAL ALLEGATIONS**

15. On June 20, 2007, Plaintiff filed a voluntary Chapter 7 bankruptcy petition in the Orlando Division of the United States Bankruptcy Court. (Case No. 6:07-bk-02590-ABB).

3

16. Plaintiff listed Parrish Medical Center in his schedules and in the Matrix of Creditors.

17. On October 17, 2007, the Bankruptcy Court entered an order entitled "Discharge of Debtor" (hereinafter referred to as the "Discharge Order"). The Discharge Order bars the Creditor or Defendant(s) from attempting to collect the Account from Plaintiff. (A copy of the Discharge of Debtor is attached as Exhibit "A").

18. On October 31, 2007, the Bankruptcy Court entered an order entitled "Order Approving Trustee's Report of No Distribution". This means that Plaintiff's Bankruptcy is a "no asset" Chapter 7.

19. No person filed an Adversary Proceeding objecting to Plaintiff's obtaining a discharge of his debts including the Account. Plaintiff did not reaffirm the Account. The Account was discharged in Plaintiff's bankruptcy.

20. "Scrubbing" debt portfolios for bankruptcies is inexpensive and is an industry standard to assure compliance with the Fair Debt Collections Practices Act ("FDCPA"). See, e.g., ACA International Statement on the Buying and Collecting of Bankrupt Debt, released November 7, 2007 (available at http://www.acainternational.org/?cid=11398) ("ACA members 'scrub' accounts through nationally known databases to remove any bankruptcy filings.") Bankruptcy case information is available via the internet through Public Access to Court Electronic Records ("PACER") (http://pacer.psc.uscourts.gov/) and through "scrub" services. See, http://www.phinsolutions.com; http://www.banko.com; and http://www.fairisaac.com ("UniScore"). Based upon information and belief, NCO FINANCIAL and NCO PORTFOLIO failed to scrub or adequately scrub the Account.

4

21. On or about September 5, 2008, Defendant NCO FINANCIAL sent JAMES MacFARLAND a form debt collection letter (often referred to as a "dunning letter") entitled "Your Credit Rating May Be in Jeopardy", on behalf of NCO PORTFOLIO demanding payment of the Account with Parrish Emergency Physicians. (A copy of this letter is attached as Exhibit "B").

22. On or about October 21, 2008, Defendant NCO FINANCIAL sent JAMES MacFARLAND a second form debt collection letter entitled "SETTLEMENT OFFER" demanding that JAMES MacFARLAND pay NCO FINANCIAL $ 455.25 to settle the Account. (A copy of this letter is attached as Exhibit "D").

23. The statements made by Defendant NCO FINANCIAL on behalf of Defendant NCO PORTFOLIO in its collection letters are to be interpreted under the "least sophisticated consumer" standard. Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).

## COUNT I - FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

24. Plaintiff JAMES MacFARLAND repeats and re-alleges and incorporates by reference paragraphs 1 through 23 above.

25. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including but not limited to, the false representation of the character, amount or legal status of any debt. See 15 U.S.C. § 1692(e) and § 1692(e)(2)(A).

26. Attempting to collect a debt that is not owed, due to a bankruptcy, is false, deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368

F.3d 726, 728-730 (7th Cir. 2004); Turner v. J.V.D.B. & Assoc., Inc., 330 F.3d 991, 995 (7th Cir. 2003).

27. All of Defendants' collection actions at issue in Count I (i.e., the dunning letters) occurred within one year of the date of this Complaint.

28. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's statutory damages (in the amount of $ 1,000), costs, and attorney's fees (pursuant to 15 U.S.C. § 1692k).

**WHEREFORE**, Plaintiff JAMES C. MacFARLAND respectfully prays that judgment be entered against the Defendants, NCO FINANCIAL SERVICES, INC., a Pennsylvania corporation, and NCO PORTFOLIO MANAGEMENT, INC., a Delaware corporation, for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

C. For such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands *trial by jury* on all issues so triable in this action.

MAY 22, 2009.

*(signature)*
DONALD E. PETERSEN

Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
Voice : (407) 648-9050
Facsimile : N/A
E.C.F. (Only) depecf@cfl.rr.com
Email : Petersen221@yahoo.com
F.B.N. 0776238
Lead Trial Attorney for the Plaintiff (to be noticed),
JAMES C. MacFARLAND

### EXHIBIT LIST

Exhibit "A"   Discharge of Debtor (with BNC Certificate of Service) (dated Oct. 19, 2007) : <u>In Re MacFarland</u>

Exhibit "B"   Order Approving Trustee's Report of No Distribution (dated October 31, 2008) : <u>In Re MacFarland</u>.

Exhibit "C"   Letter (dated September 5, 2008) from Defendant NCO FINANCIAL to Plaintiff

Exhibit "D"   Letter (dated October 21, 2008) from Defendant to James MacFarland